# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH P. SUAZO,

     Plaintiff,

v.                                      No. 1:19-cv-00252 WJ/KK

STATE OF NEW MEXICO,

     Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM

THIS MATTER comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, filed March 29, 2019 **(Doc. 5).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken in part and, therefore, is **GRANTED IN PART**. Plaintiff's complaint is **DISMISSED** with leave to amend.

## BACKGROUND

Plaintiff filed his complaint in state court on February 14, 2019 while out of custody. **Doc. 2-1.** Plaintiff alleges that Defendant violated his federal constitutional rights, his "New Mexico rights", Due Process rights, and committed negligence and "other violations." **Doc. 2-1, p. 2.** Plaintiff also asserts he fractured his hip while incarcerated "for no reason", lack of justice, unlawful arrest, and pain and suffering. Plaintiff did not name any individual defendants. Defendant removed this case to this Court on March 22, 2019. *Id.* Plaintiff failed to respond to the motion to dismiss.

## DISCUSSION

The Court construes Plaintiff's complaint as asserting (1) negligence; (2) deliberate

indifference to medical need pursuant to the Eighth Amendment; (3) False or wrongful arrest pursuant to the Fourth Amendment; and (4) a Due Process violation.   Plaintiff does not allege any facts to support his claims, aside from the allegation that he broke his hip while in custody.

## I.     Legal Standard.

"In reviewing a Fed. R. Civ. P. 12(b)(6) dismissal, a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff proceeds *pro se,* the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, the pleadings are still judged by the same legal standards that apply to all litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or assume the role of advocate. *Hall*, 935 F.2d at 1110.

Plaintiff asserts several constitutional violations.   42 U.S.C. § 1983 is the statutory vehicle for asserting violations of the United States constitution.   A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000).   Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the

Constitution.  *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998).   There must also be a connection between the official conduct and the constitutional violation.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

## II.  <u>Analysis.</u>

### A.  <u>State of New Mexico is not an appropriate defendant.</u>

The State of New Mexico is not a permissible party under § 1983.   Rather, Plaintiff must assert a § 1983 claim against an individual.   *See, e.g., McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law.").   A governmental entity such as the State of New Mexico is not a "person" under § 1983.   *Id.*   Because Plaintiff failed to name any individual as a defendant, Plaintiff's complaint failed to state a plausible claim for relief for the federal constitutional claims.

Moreover, Plaintiff also asserts various state law claims against the State of New Mexico, including negligence and other unnamed New Mexico state claims.   The New Mexico Tort Claims Act appears to apply.   Under that act, New Mexico governmental entities and public employees "acting within the scope of duty are granted immunity from liability for any tort except as waived…"   NMSA § 41-4-4(a).

Here, Plaintiff only names the State of New Mexico.   Under the New Mexico Tort Claims Act, a plaintiff may sue a public employee as well as "the agency or entity for whom the public employee works." *Abalos v. Bernalillo Cty. Dist. Atty's Office*, 1987-NMCA-026, ¶ 20, 105 N.M. 554, 559, 734 P.2d 794, 799.   To name a public entity, Plaintiff should allege (1) an employee whose actions meets one of the waiver exceptions under NMSA § 41-4-1 *et al.*, and (2) a

governmental entity that has immediate supervisory responsibilities over that employee. *Abalos v. Bernalillo Cty. Dist. Atty's Office*, 1987-NMCA-026, ¶ 20, 105 N.M. 554, 559, 734 P.2d 794, 799. Generally, the "immediate supervisory entity of the public employee involved" is the entity that should be named in the suit. *Id.* Here, the complaint does not state which public employee was involved. There is nothing in the complaint to indicate that the State of New Mexico is the appropriate supervisory entity, as opposed to an agency thereof, or a county or municipality.

**B.      Plaintiff Failed to Allege Facts.**

To state a claim under § 1983, "it is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Although the Court liberally construes a *pro se* plaintiff's factual allegations, that "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). Here, Plaintiff only alleged one fact: he broke his hip while in custody. The complaint does not give any detail of his arrest for the Court to determine whether he asserts a plausible wrongful arrest claim. The complaint also fails to state a claim for negligence or deliberate indifference to medical needs. It is unclear why or how he broke his hip, or how any individual provided inadequate care. Finally, there is nothing in the complaint to determine how his Due Process rights were violated. Therefore, Plaintiff failed to state a plausible claim because he did not provide any factual allegations whatsoever.

**III.** __Amendment Would not be Futile__.

In deciding whether to dismiss the complaint, the Court considers whether to allow Plaintiff an opportunity to amend his pleadings. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* plaintiffs should normally be given a reasonable opportunity to remedy defects in their pleadings, unless amendment would be futile. *Id.* Here, Plaintiff failed to allege any facts and the Court is unable to determine whether amendment would be futile. Therefore, the Court will dismiss the Complaint with leave to amend.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (**Doc. 5**) is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** with leave to amend. Plaintiff may file an amended complaint within 30 days of the entry of this order. If Plaintiff fails to timely amend his complaint, this case may be dismissed with prejudice and closed with no further notice.

_____
CHIEF UNITED STATES DISTRICT JUDGE