IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH P. SUAZO,

    Plaintiff,

v.                                                                                             No. 1:19-cv-00252 WJ/KK

STATE OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court on Defendant's Motion to Dismiss, filed July 31, 2019 **(Doc. 9)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is **GRANTED**. All claims against Defendant are dismissed with prejudice.

## BACKGROUND

Plaintiff filed his original complaint in state court on February 14, 2019 while out of custody. **Doc. 2-1.** Plaintiff alleged that Defendant violated his federal constitutional rights, his "New Mexico rights", Due Process rights, and committed negligence and "other violations." **Doc. 2-1, p. 2.** Plaintiff also asserted he fractured his hip while incarcerated "for no reason", lack of justice, unlawful arrest, and pain and suffering. Plaintiff did not name any individual defendants. Defendant removed this case to this Court on March 22, 2019. *Id.*

Defendant filed a motion to dismiss, but Plaintiff failed to respond. The Court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for (1) failing to identify a party against whom relief could be granted, and (2) failing to state any facts whatsoever in support of his claims. *See* **Doc.**

**7.** The Court *sua sponte* granted Plaintiff leave to amend, as Plaintiff could conceivably state a claim if he asserted facts and identified individuals responsible for the alleged constitutional violations or torts. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se* plaintiffs should normally be given a reasonable opportunity to remedy defects in their pleadings, unless amendment would be futile).

On July 10, 2019, Plaintiff filed a letter, which the Court construes as an amended complaint. In his amended complaint, Plaintiff appears to allege that he was (1) arrested (or searched) without a warrant; (2) falsely imprisoned; (3) tampering with evidence; (4) failure to provide discovery in his criminal case in violation of his due process rights; and (5) harmed or injured by misconduct or negligence. However, Plaintiff did not allege any additional facts in support his claim.

Defendant subsequently filed a second motion to dismiss. Plaintiff failed to respond to the second motion to dismiss.

## LEGAL STANDARD

"In reviewing a Fed. R. Civ. P. 12(b)(6) dismissal, a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff proceeds *pro se,* the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, the pleadings are still judged by the same legal standards that apply to all litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or assume the role of advocate. *Hall*, 935 F.2d at 1110.

Plaintiff asserts several constitutional violations. 42 U.S.C. § 1983 is the statutory vehicle for asserting violations of the United States constitution. A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). Plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

## DISCUSSION

Plaintiff appears to allege a mix of federal constitutional claims pursuant to § 1983 and New Mexico state law claims pursuant to the New Mexico Tort Claims Act. As noted above, the Court previously identified two deficiencies in his complaint which Plaintiff has failed to fix in his amended complaint. **Doc. 7.**

**I.** **Named Defendant.**

Plaintiff continues to name the State of New Mexico as the sole defendant. As explained in the Court's prior Memorandum Opinion and Order **(Doc. 7)**, the State of New Mexico, under these circumstances, is not an entity against which a § 1983 or New Mexico Tort Claims Act claim

3

can be asserted.

Plaintiff must generally assert a § 1983 claim against an individual. *See, e.g., McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000) ("A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."). A governmental entity such as the State of New Mexico is not a "person" under § 1983. *Id.; See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."), *quoted in Amaro v. New Mexico*, 737 F. App'x 882, 888 (10th Cir. 2018). Because Plaintiff failed to name any individual or appropriate governmental entity as a defendant, Plaintiff's complaint failed to state a plausible claim for relief as to the federal constitutional claims.

Moreover, under the New Mexico Tort Claims Act, a plaintiff may sue a public employee as well as "the agency or entity for whom the public employee works." *Abalos v. Bernalillo Cty. Dist. Atty's Office*, 1987-NMCA-026, ¶ 20, 105 N.M. 554, 559, 734 P.2d 794, 799; *See also Wittkowski v. State Corr. Dep't*, 1985–NMCA–066, 103 N.M. 526, 710 P.2d 93 (overruled on other grounds by *Silva v. State*, 1987–NMSC–107, 106 N.M. 472, 745 P.2d 380). To name a public entity such as the State of New Mexico, Plaintiff should allege (1) an employee whose actions meets one of the waiver exceptions under NMSA § 41-4-1 *et al.*, and (2) a governmental entity that has immediate supervisory responsibilities over that employee. *Abalos v. Bernalillo Cty. Dist. Atty's Office*, 1987-NMCA-026, ¶ 20, 105 N.M. 554, 559, 734 P.2d 794, 799; *see also Silva v. State*, 106 N.M. 472, 477, 745 P.2d 380, 385 (N.M. 1987) (adopting in part *Abalos*). Generally, the

4

"immediate supervisory entity of the public employee involved" is the entity that should be named in the suit. *Id*.

Here, there is nothing in either the original or amended complaint to indicate that the State of New Mexico is the appropriate supervisory entity, as opposed to an agency thereof, or a county or municipality. *See, e.g., Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 17, 121 N.M. 646, 652, 916 P.2d 1313, 1319 (court should consider "whether the City of Santa Fe has supervisory authority over the Police Department and its officers and, if so, whether the city is nonetheless too remote an actor to be included as a defendant in this suit.")

Finally, because Plaintiff has not named an individual or particular agency, or given any allegations, the Court is unable to determine whether immunity under the New Mexico Tort Claims Act has been waived.

## II. **Plaintiff Failed to Allege Facts**

Moreover, Plaintiff has not alleged any facts relevant to his causes of action, but merely alleged the causes of action themselves. As explained in the Court's previous Memorandum Opinion and Order **(Doc. 7)**, this is insufficient to state a plausible claim.

For example, to state a claim under § 1983, "it is particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Although the Court liberally construes a *pro se* plaintiff's factual allegations, that "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

Here, Plaintiff only alleged one fact in either complaint: he broke his hip while in custody. Plaintiff does not say who caused the injury, under what circumstances the injury occurred, or whether or how he was deprived of medical care. Moreover, the complaint does not give any detail of his arrest for the Court to determine whether he asserts a plausible wrongful arrest claim. Plaintiff asserts that he was not provided discovery in his state criminal case but does not provide any allegations explaining the circumstances. Finally, there is nothing in the complaint to determine how his Due Process rights were violated. Therefore, Plaintiff failed to state a plausible claim because he did not provide any factual allegations whatsoever.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss **(Doc. 9)** is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that **JUDGMENT** will be entered in favor of Defendant on all claims.

_____
CHIEF UNITED STATES DISTRICT JUDGE